380

José A. Pérez Rivera et al., Plaintiffs and Appellants, v. Jaime Colom Pons et al., Defendants and Appellees.

No. 4624.   Argued March 13, 1929.—Decided December 24, 1929.

*E. Pérez Casalduc, M. García González,* for appellants.   *Daniel Pellón* and *Antonio Ayuso,* for appellees.

Mr. Justice Wolf delivered the opinion of the court.

It is important to notice that in a suit begun by Damián Monserrat Simó against the predecessors of the present plaintiffs a complaint was filed, judgment rendered, execution ordered, and an action sale attempted before July 1, 1904.   In

November of that year the property now sought to be recovered was adjudicated to Damián Monserrat Simó, the complainant in the said original suit. This adjudication is the object of attack in the present appeal.

The appellants maintain, and we agree with them, that changes in matters of pure procedure apply to pending litigation and that a change in the manner of executing the judgment would be operative against one existing before the change in the method of procedure, provided specially that no steps had previously been taken in execution of the judgment. In this case we are convinced that steps in execution of the judgment· obtained by Monserrat had been taken before July 1, 1904, the date of the commencement of the new Code of Civil Procedure.

Monserrat began his suit in 1902. Judgment thereon was obtained on the 12th of February, 1903. An order of execution set the sale of the property in question for the 30th of March 1904. No bidders appeared on that day, and the District Court of San Juan declared the auction (*subasta*) fulfilled and abandoned (*desierta*). In other words, under the old Code of Civil Procedure no further act of public sale was necessary and the complainant was entitled to an adjudication of the property.

The appellants maintain that under the new Code of Civil Procedure no adjudication was possible and further execution or auction sale was necessary.

We can not agree. When the District Court of San Juan declared the auction completed and abandoned, a certain right or privilege arose in Damián Monserrat. This right or privilege was not a mere procedural one. Damián Monserrat acquired an inchoate title to the property if he chose to exercise it, always supposing that the procedure commenced before the auction took place was in conformance to the Law of Civil Procedure formerly in force. (Section 1502 of the former Code of Civil Procedure.) The fact that Damián Monserrat did not exercise that right or privilege until No-

vember, 1904, can make no difference. The act of the court in declaring the auction complete and abandoned was what vested rights in him, provided the antecedent proceedings had followed the law.

The appellants assign no error in another regard, but in the complaint it was alleged that the auction of March 30, 1904, took place without sufficient notice. As this matter is not insisted upon we shall not enter into a discussion of it, but we find no sufficient attack on the proceedings that led up to the auction sale. Incidentally, we may say that such a matter could not militate against the defense of being a third person under the Mortgage Law or the defense of prescription of ten years. No such defect would appear in the registry and similarly a just title would not be affected thereby.

At the trial of this case the defendants attempted to amend their answer. The original answer only set up prescription to one piece of property and the complainants were seeking to recover two, both of which had been adjudicated to Damián Monserrat by the order of November 30, 1904. One of the pieces of property was described in the original answer, but the other was not. The complainants objected to the amendment and alleged that they were surprised thereby, but the court admitted it and we think there was no abuse of discretion. Necessarily the complainants knew that the other piece of property was subjected to the same defense as the property that had actually been described. It must have been a mere inadvertence on the part of the defendants not to include the larger piece of property.

The defendants, as we have indicated, also set up the defense of being third persons who had purchased mediately or immediately from Damián Monserrat, whose title was recorded. The appellants attack the theory of the court below inasmuch as they maintain in effect that even though the registry did not disclose a direct defect, a purchaser was bound to take notice that under the new Code of Civil Pro-

cedure no adjudication to a complainant could take place, but a public auction was necessary.

The appellees answer by saying that the date of the adjudication did not appear in the registry itself, but only in the presentation or initial entry existing in the registry. We agree with the appellees and with the careful opinion of the court below that the defect did not clearly appear from the registry. An intending purchaser is not bound to examine all the books thereof. The initial entry is of a temporary or volatile nature. It is the permanent record that counts. Purchasers of property in Porto Rico have the right to assume that the registrar complied with his duty and recorded in his main books all that was neccessary to transcribe. As bearing on the main proposition the following cases, some of them cited by the court below, may be reproduced: *Vélez* v. *Camacho et al.* 8 P.R.R. 35; *People* v. *Riera* 27 P.R.R. 1; *Ayllón et al.* v. *González* 28 P.R.R. 61; *Menéndez* v. *Cobb et al.* 28 P.R.R. 725; *Heirs of Gutiérrez et al.* v. *Pons et al.* 32 P.R.R. 639; *González et al.* v. *Anglade et al.* 33 P.R.R. 980.

Likewise we may add that in a transitory period when adjudications had previously been the rule, if it were dubious whether Monserrat had a clear right or privilege, then we would at least question whether the defect appeared clearly from the registry. Under a doubtful interpretation of the law the purchaser should be protected.

The defendants set up ordinary prescription, namely, a possession of ten years in good faith and under a just title. To a large extent to prove their possession or the commencement of it, appellees relied upon the provision of section 1365 of the Civil Code to the effect that when a deed is executed no other formal delivery is necessary. In other words, that when a deed is executed a symbolic delivery is sufficient. However, when it comes to a question of prescription we are inclined to agree with the appellants that a symbolic delivery is insufficient and the person who sets up this defense must show that he or his predecessors in title were in possession of

the particular property at the time from which they claimed the said prescription. This is the effect of a number of authorities cited by the appellants. We do not care to go more fully into the question now because this is a decision by only three judges of the court.

However, the proof of actual possession we think was ample and sufficient. The evidence tended to show that the property in suit was unoccupied by any house and was mountainous or wild land; that the defendants or some of their predecessors or family cultivated the land or a great part of it for a number of years, making the whole period by itself nearly come up to the period of prescription. More particularly, however, the defendants gave testimony tending to show that they were in possession of the property from the date of the acquisition of the deeds. The appellants say that this statement of possession from the time of the acquisition of the deeds is too vague because the date is not fixed. When, however, the two pieces of property have been identified, as they are in the complaint, and the principal defendant refers to his possession since the acquisition of his deeds and the deeds show 1906, it is a ready inference that the defendants are referring to that time and actually possessed the land from that date. The whole evidence, both direct and circumstantial, shows an actual possession on the part of the defendants.

Appellants complain that the court erred in not considering the declaration of the witness Eusebio Grau Pérez when deciding the matter of good faith in the possession of Colom Pons. While the opinion contains no reference to this testimony we can not be sure that the court did not in fact consider it. The judge may have thought the testimony too vague to constitute a lack of good faith on the part of Colom Pons.

With respect to collateral attack we are inclined to agree with the appellants that if the adjudication was void this was a jurisdictional matter and hence subject to collateral attack.

As the foregoing considerations sufficiently make for the affirmance of the judgment it becomes unnecessary to consider the other assignments of error.

The judgment will be affirmed.

.The Chief Justice and Mr. Justice Texidor took no part in the decision of this case.